UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GUS STILLS | CIVIL ACTION NO. 25-1190 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MOFFETT FOODS, LLC | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is Defendant Moffett Foods, LLC's ("Moffett") Motion to Dismiss (Record Document 10). The motion is unopposed. For the reasons explained below, the motion is **GRANTED**, and this suit is **DISMISSED WITH PREJUDICE**.

**FACTUAL BACKGROUND**

Gus Stills ("Stills") filed this *pro se* action on August 18, 2025, against his former employer, Moffett. See Record Document 1. According to the complaint, Stills was employed by Moffett at its Checkers location on Hollywood Avenue in Shreveport, Louisiana. See id. at 3. On or about July 21, 2025, he was accused by a shift manager of "looking out the window" instead of working. Id. Stills claims that this was a false accusation and that he was subsequently terminated the next day without warning, documentation, or due process. See id. at 4. He further alleges that after his termination, he was still listed as an active employee in Moffett's system and was able to clock in under an old PIN. See id. This led him to raise concerns about negligent HR and payroll practices. See id. Stills's complaint asserts claims for wrongful termination, retaliation, and negligent recordkeeping. See id.

## LAW AND ANALYSIS

I. **Pleading and Dismissal Standards**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility" standard established in Bell Atlantic Corp. v. Twombly, and its progeny. See 550 U.S. 544 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See id. at 555–56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding on a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos County, 981 F.2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive. See id. at 678–79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

**II.     Analysis**

a.  Wrongful Termination

Stills asserts that he was wrongfully terminated in violation of Louisiana and federal law. See Record Document 1 at 4. Specifically, he claims that Moffett's actions in terminating him were improper because he was terminated without any warning, corrective action, or due process. See id.

As an initial matter, the employment-at-will doctrine under Louisiana law governs this employment relationship. "Employment is presumed to be at-will unless a plaintiff alleges sufficient facts to establish the existence of an employment agreement or contract." Ballinger v. Bd. of Supervisors of Louisiana State U. and Agric. and Mech. College, 406 So. 3d 622, 627 (La. App. 1st Cir. 2025). Here, Stills has not alleged an employment contract, so he is presumed to be an employee-at-will.

Under the employment-at-will doctrine, either party may terminate the employment relationship at any time and for any reason, without liability, unless a statutory exception applies. See Hayes v. Univ. Health Shreveport, LLC, 332 So.3d 1163, 1169 (La. 2022). Federal law also recognizes the employment-at-will doctrine, subject to limited exceptions under federal statutes prohibiting termination based on race, sex, disability, or other protected categories, as well as retaliation for engaging in protected activity under laws like Title VII of the Civil Rights Act of 1964. See id. "Aside from [these limited] federal and state statutory exceptions, there are no broad policy considerations creating exceptions to employment at will." Id.

Here, Stills does not allege any unlawful reason for his termination, such as discrimination or retaliation based on a protected characteristic. Instead, he merely

3

alleges that he was falsely accused by his manager and terminated without due process. These allegations do not invoke any statutory exceptions to the employment-at-will doctrine, and accusations or unfair treatment alone is insufficient to serve as a basis for a wrongful termination claim by an at-will employee. See Ballinger, 406 So.3d at 627 (La. App. 1 Cir. 2025) (finding that "[t]he reasons for termination need not be accurate, fair, or reasonable under the at-will doctrine …."). As such, Stills fails to state a claim for wrongful termination. The Motion to Dismiss (Record Document 10) is **GRANTED** as to the wrongful termination claim. This claim is **DISMISSED**.

  b. Retaliation

Stills's retaliation claim is similarly deficient. To state a claim for retaliation under any legal theory, a plaintiff must allege that they engaged in a protected activity, such as opposing unlawful discrimination or participating in an investigation, and that the employer retaliated against them for such activity. See Way v. City of Missouri City, 133 F.4th 509, 522 (5th Cir. 2025); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Here, Stills's allegations that he asked to be treated more respectfully by his manager and requested not to be spoken to in a rude manner do not constitute a protected activity. The Fifth Circuit has held that ordinary workplace disputes, including requests for civil treatment, do not rise to the level of protected activity. See Campbell v. Garland, 2023 WL 7266990, at *5 (5th Cir. 2023). Since Stills's request for respectful treatment does not fall under any protected activity, his retaliation claim fails as a matter of law. Thus, the Motion to Dismiss (Record Document 10) is **GRANTED** and the retaliation claim is **DISMISSED**.

    c. <u>Negligent Record Keeping</u>

Stills alleges that Moffett is liable for negligent record keeping because after his termination, he was still listed as an active employee in Moffett's system and was able to clock in under an old PIN. <u>See</u> Record Document 1 at 4. However, no Louisiana or federal law provides a private right of action for negligent recordkeeping in the employment context. Moreover, Stills does not provide any facts or legal authority to support such a claim. The failure of an employer to properly maintain employee records does not give rise to a claim for relief, particularly when the alleged harm, continuing to be listed as an active employee, is not shown to have caused any actual harm. Therefore, the Court **GRANTS** the Motion to Dismiss (Record Document 10) as to the negligent record keeping claim. This claim is **DISMISSED**.

    d. <u>Fair Labor Standards Act</u>

In his complaint, Stills cites the Fair Labor Standards Act (FLSA) as a basis for federal jurisdiction. <u>See</u> Record Document 1 at 3. The FLSA regulates minimum wage and overtime for covered employees. <u>See</u> 29 U.S.C. §§ 206–207. However, beyond a passing reference in his complaint, Stills does not allege any facts relating to violations of the FLSA, such as failure to pay minimum wage or overtime, nor does he claim that he filed any complaints under the FLSA. As such, the FLSA does not provide any support for Stills' claims here, and any claim based on the FLSA is **DISMISSED**.

## CONCLUSION

Accordingly, the Motion to Dismiss (Record Document 10) is **GRANTED**. This suit is **DISMISSED WITH PREJUDICE**.

A judgement consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of January, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE